UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. S1-4:06CR531 CDP |
| JESUS TOVAR-ALDACO and PABLO VASQUEZ-GONZALEZ, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER
# OF UNITED STATES MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). A hearing was held on the pretrial motions on March 31, 2007, and a supplemental hearing on May 1, 2007. After the supplemental hearing on May 1, 2007, the undersigned ordered that the parties file any post-hearing briefs no later than May 15, 2007. Further, the original transcripts of the hearings in this matter were filed on April 13, 2007 and May 30, 2007.

The undersigned, by this Memorandum and Order, makes the following rulings and determinations as to Defendants Jesus Tovar-Aldaco's and Pablo Vasquez-Gonzalez's discovery motions.

**As to Defendant Jesus Tovar-Aldaco:**

**#47–Defendant's Motion for Discovery**

The government shall permit the defendant to inspect and copy or photograph the following: Any relevant written or recorded statements made by the defendant, or copies thereof,

within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; any recorded testimony of the defendant before a grand jury which relates to the offense charged; such copy of the defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government; any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial or were obtained from or belong to the defendant; any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

Insofar as the defendant's motion seeks discovery of information and material beyond that set out above, it should be denied. Rule 16, Federal Rules of Criminal Procedure.

Further, the government is required to provide to the Defendant any evidence in its possession which is favorable to the Defendant and which is material to the guilt or innocence of the Defendant or to punishment. Brady v. Maryland, 373 U.S. 83 (1963). This includes evidence

which may be used to impeach the testimony of government witnesses. United States v. Bagley, 473 U.S. 667 (1985). To the extent that the Defendant's motion requests disclosure of such evidence, it should be granted. In all other respects, it should be denied.

Therefore, Defendant's motion should be granted in part and denied in part.

**As to Defendant Pablo Vasquez-Gonzalez:**

**#199 Motion of Defendant for Bill of Particulars**

Many of the requests made in the Defendant's motion seeks the identity of witnesses to events or acts listed in the indictment, and they seek particularized testimony of these witnesses. Such requests are not properly the subject of a bill of particulars as they are evidentiary in nature. See United States v. Largent, 545 F.2d 1039 (6th Cir. 1976). Nor is it the purpose of a bill of particulars to provide specific or evidentiary detail of the government's theory of the case. United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982). The indictment in this case is sufficiently precise that it informs the Defendant of the charge against him in sufficient detail to enable him to prepare his defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77 (1927). The Government has also adopted a discovery policy in this case whereby the Defendant has been given the DEA report involving the searches in this matter, and has been provided a full transcript of all wiretap materials including a translation of that transcript. This also obviates the necessity of a bill of particulars. See United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990); United States v. Stevenson, 924 F.2d 753, 762 (8th Cir. 1991). Therefore, the Defendant's motion for a bill of

particulars should be denied.

**#200 Motion to Produce by Defendant Pablo Vasquez-Gonzalez**

The Defendant Pablo Vasquez-Gonzalez in this motion asks for production of a St. Charles County Drug Task Force report regarding the search of 1008 Powell, which is the subject of a motion to suppress in this matter. The Government has stated that there is no such report, however, there is an overall DEA report regarding the search of this matter which has been disclosed to defense counsel. The undersigned notes that this event was the subject of extensive testimony at the two motion hearings in this matter. To the extent that any report exists on the search of 1008 Powell on August 25, 2006, the Defendant's motion for production should be granted. If no report of the St. Charles County Drug Task Force exists, obviously it can not be produced. Therefore, the Defendant's motion should be granted.

**#201 Motion of Defendant Pablo Vasquez-Gonzalez for Production and Inspection of Grand Jury Minutes**

The disclosure of matters occurring before the grand jury is permitted only upon a showing of particularized need for such disclosure. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959). If a witness testifies at trial, his or her testimony before the grand jury, if any, constitutes a statement required to be produced at the time of trial pursuant to the Jencks Act, 18 U.S.C. §3500, upon appropriate request and insofar as it relates to the subject matter of the witness' trial testimony. However, production of such statements cannot be compelled prior to trial. See Dennis v. United States, 384 U.S. 855 (1966).

The Defendant's claim that disclosure is required in order to show that the grand jury

4

considered improperly or illegally obtained evidence does not meet the "particularized need" requirement because, even if such allegations could be shown to be true, they would not be sufficient to compel a dismissal of the indictment. See Costello v. United States, 350 U.S. 359 (1956); United States v. Calandra, 414 U.S. 338, 345 (1974).

Therefore, the Defendant's motion for production and inspection of grand jury transcripts and reports should be denied.

### #202 Motion for Relief from Prejudicial Joinder by Defendant Pablo Vasquez-Gonzalez

Initially, it should be noted that the Defendants are properly joined under Rule 8(b), Federal Rules of Criminal Procedure. Rule 8(b) states as follows:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all the defendants need not be charged in each count.

In the case now at bar, all of the Defendants are charged in a conspiracy in Count I to distribute and possess with intent to distribute cocaine, methamphetamine, and marijuana. In Counts II - VII, individual Defendants are charged with substantive violations of distributing or possessing with intent to distribute cocaine, methamphetamine, or marijuana, in acts that are apparently in furtherance of the conspiracy. In Count VIII, all of the Defendants are charged with a forfeiture count in which the Government requests that all of the property which are proceeds of the drug conspiracy be forfeited. All the counts relate to the same drug conspiracy, and therefore, the undersigned concludes that the parties are properly joined under Rule 8(b), Federal Rules of Criminal Procedure.

The Defendant also alleges that his co-defendant has exculpatory evidence to offer in his

behalf, but will be prevented from calling him as a witness if they are tried together.  In order to support a request for severance on such claims, the Defendant must show that he would 1) call the co-defendant as a witness at a separate trial; 2) that the co-defendant would testify at this trial, and 3) that the testimony of the co-defendant would be exculpatory.  United States v. Voss, 787 F.2d 393, 401 (8th Cir. 1986).  The Defendant has failed to meet these requirements.

The Defendant also asserts that at a joint trial, some evidence would be admissible against a co-defendant and not admissible against him.  He does not state specifically what this evidence is or why it is admissible against others but not against him.  These allegations are not a sufficient basis on which to sever the Defendant's case for trial at this point.  United States v. Reeves, 674 F.2d 739 (8th Cir. 1982).  Further, the fact that all of the evidence may not be admissible against each co-defendant is not sufficient in and of itself to grant severance.  See United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991).  Should such circumstances arise, cautionary instructions as to the consideration of evidence as to each defendant may be given.  If such statements do exist, the Government must either not introduce such statements or they must be redacted to delete any reference to even the existence of a co-defendant.  See Richardson v. Marsh, 481 U.S. 200 (1987).

Further, the Defendant states that he may have a mutually antagonistic defense, and, therefore, his case should be severed.  The Defendant does not state what these mutually antagonistic defenses are, thus, based on the current record in this case, mere allegations of antagonistic defenses do not warrant severance.  Further, the mere fact that there is hostility among defendants or that one defendant may try to save himself at the expense of another defendant is not sufficient grounds to require a separate trial.  See United States v. Garrett, 961

F.2d 743, 746 (8th Cir. 1992). Mutually antagonistic defenses do not require severance in all cases. See Zafiro v. United States, 113 S.Ct. 933, 937 (1993).

Further, the defendants are not entitled to a severance just because they believe that they have a better chance of acquittal in separate trials. The fact that the evidence against one defendant is more damaging than against another defendant, or that a defendant's role in the conspiracy is minor are not reasons for severance. See Layton v. South Dakota, 918 F.2d 739 (8th Cir. 1990); United States v. Pou, 953 F.2d 363 (8th Cir. 1992).

The Defendant also asserts that at a joint trial, the co-defendant might elect to testify, and the Defendant might elect not to testify, and that if this occurs, the jury might draw adverse inferences as a result of this defendant's failure to testify. These assertions are entirely speculative, and therefore do not serve as a basis on which to grant a separate trial. Further, should such circumstances arise, the Court may give cautionary instructions to the jury regarding its consideration of the evidence as to each defendant, and that no inference may be drawn from the Defendant's failure to testify. See United States v. Robinson, 774 F.2d 261, 266 (8th Cir. 1985).

Therefore, the Defendant's motion for severance should be denied.

* * *

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Discovery (Doc. #47–Jesus Tovar-Aldaco) be **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Motion of Defendant for Bill of Particulars (Doc.

#199–as to Pablo Vasquez-Gonzalez); the Motion of Defendant Pablo Vasquez-Gonzalez for Production and Inspection of Grand Jury Minutes (Doc. #201), and the Motion for Relief from Prejudicial Joinder by Defendant Pablo Vasquez-Gonzalez (Doc. #202) be **denied**.

**IT IS FURTHER ORDERED** that the Motion to Produce by Defendant Pablo Vasquez-Gonzalez (Doc. #200) be **granted**.

Dated this  6th  day of July, 2007.

                     /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE